## WETHERILL'S APPEAL.

It is not. the duty of an auditor in passing upon an administrator's account to inquire into the solvency of the administrator or the ultimate liability of the sureties on the administration bond.

Appeal from the Orphans' Court of Berks County. No. 9 January Term, 1882.

An account of Jacob J. S. Seitzinger, administrator d. b. n. c. t. a. of Jacob W. Seitzinger, deceased, had been filed and referred to an auditor. The administrators of Dr. William Wetherill, who was one of the sureties on the administrator's bond of Jacob J. S. Seitzinger, appeared before the auditor and offered certain documentary evidence to show that a large amount of money with which Jacob J. Seitzinger was charged in the account was the proceeds of certain real estate situate in Schuylkill County. They alleged that the administrator was insolvent and that they desired to have the facts found, so that they might not be held liable for the proceeds of real estate. The auditor refused to take any action in the matter on the ground that it was not within the duties of his appointment, and simply appended the evidence offered to his report. Exceptions were filed to this report. The Court overruled the exceptions and confirmed the report in the following opinion, per

SASSAMAN, J.:

My own views after an examination of the matter raised by the exceptions are so nearly in accord with the views of

the auditor that I fail to discover that the matter complained of is error. The auditor took up the account and disposed of it in his report according to the purport of the account. In the absence of new matter raised this was his duty and he followed only the terms of his appointment to the extent of the interest of the parties who appeared before him. On the reference back he made his supplemental report and declined to go beyond those terms, and in that I think he was right. It was no part of his duty in passing upon an account filed by the accountant himself to inquire into the solvency of that accountant, nor was it any part of his duty to inquire into the ultimate liability of the sureties of the accountant as to any balance found to be due to those entitled to the said bond. Failing to find anything to correct, the report must stand.

The exceptions are dismissed and the auditor's report is confirmed absolutely.

---

The administrators of Dr. William Wetherill then appealed to the Supreme Court.

*Messrs. G. R. Fox and H. Van Reed,* for appellants, argued that the sureties were not liable for the proceeds of real estate that came into the administrator's hands, and were entitled to have the record show that a large part of this money was the proceeds of real estate. They cited the cases of Hartzell vs. Commonwealth, 42 Pa., 453; and Commonwealth vs. Garber, 7 Pa., 265.

The Supreme Court affirmed the decree of the Orphans' Court on March 13th, 1882, in the following opinion,

PER CURIAM:

We agree entirely with the opinion of the learned Judge below that it was no part of the duty of the auditor in passing upon an account filed by the accountant to inquire into his solvency, nor to decide as to the ultimate liability of his sureties on his bond for any balance found against him.

> Decree affirmed and appeal dismissed at the costs of the appellant.